UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN RUSSO, | Case No. 25-cv-08886-AMO (PR) |
| Plaintiff, | |
| v. | **ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HIS CLAIMS SHOULD NOT BE DISMISSED AS UNEXHAUSTED; AND TERMINATING PENDING MOTIONS AS PREMATURE** |
| DAVID LIVINGSTON, et al., | |
| Defendants. | Re: Dkt. Nos. 4, 8, 11 |

## I. INTRODUCTION

Plaintiff Justin Russo, who is self-represented, has filed a complaint under 42 U.S.C. § 1983, alleging constitutional violations at West County Detention Facility ("WCDF") where he was formerly incarcerated. He also seeks leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A. Venue is proper because the events giving rise to Russo's claims in his complaint are alleged to have occurred at WCDF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pleadings submitted by self-represented plaintiffs must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

United States District Court
Northern District of California

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court.  *Ross v. Blake*, 578 U.S. 632, 637-42 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  *Woodford*, 548 U.S. at 85.  Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  *Id*. at 85-86 (citing *Booth*, 532 U.S. at 734).

### B.      Legal Claims

The claims in Russo's complaint stem from a search of his cell at WCDF on October 1, 2025 and alleged resulting retaliatory actions by the named defendants.  *See* Dkt. 1 at 2-7.[1] However, a review of the complaint reveals that Russo has not exhausted California's prison administrative process, and thus it must be dismissed.  *See id.*

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to appeal and have resolved grievances relating to their confinement. Pursuant to Section 1073, Contra Costa County has established grievance procedures for inmates at WCDF.  An inmate must exhaust his administrative remedies for constitutional claims *prior to* asserting them in a civil rights complaint.  42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  If an inmate exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust.  *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.")

Here, Russo fails to allege that he exhausted his administrative remedies for the claims he

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Russo.

United States District Court
Northern District of California

seeks to assert. Dkt. 1 at 1. In the section of his complaint labeled "Exhaustion of Administrative Remedies," Russo checks the box labeled "Yes" in response to the question, "Is there a grievance procedure in the institution[?]" *Id.* Furthermore, in response to the next question, "If so did you present the fact[s] of your complaint for review through the grievance procedure[?]," Russo checks the box labeled "No." *Id.* Thus, Russo concedes he has not exhausted his administrative remedies as to the claims in the instant complaint. *See id.* Russo states the following as his reason for failing to exhaust:

> . . . [T]he grievance process [at WCDF] is nolo-void! They do no follow the[i]r own guidelines [and] polic[ies], they violate the[i]r [and] your due process concerning this issue, [and] I have multiple signed declarations confirming this. They don[']t follow the chain of command, the Sgt[.] short stop[s] the Lt. [and] the captain every time, [and] they always try to intimidate and bull[y] the[i]r way out of dealing with the grievance issue!

Dkt. 1 at 1. Based on Russo's explanation, the Court finds that he has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (finding that courts should not read "futility or other exceptions" into section 1997e(a)). As mentioned above, exhaustion is mandatory and not left to the discretion of the district court. *Woodford*, 548 U.S. at 84 (citing *Booth*, 532 U.S. at 739). Courts may not create their own "special circumstances" exceptions to the exhaustion requirement. *Ross*, 578 U.S. at 638-39 (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies). There is no authority for the proposition that irreparable harm and danger excuses the exhaustion requirement. Indeed, an inmate's concerns about the safety of his institution may be addressed more rapidly through an administrative appeal to the institution's officials than through a lawsuit in federal court. Regardless, this Court does not have the authority to create an exception to the exhaustion requirement based on Russo's reason for failing to exhaust.

When the district court concludes that the plaintiff has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747

United States District Court
Northern District of California

F.3d 1162, 1166 (9th Cir. 2014) (en banc).  However, the Court will provide Russo one final opportunity to show cause, within **twenty-eight (28) days,** why his claims should not be dismissed without prejudice for failure to exhaust, as instructed below.  Specifically, to avoid dismissal, Russo needs to provide proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement.  *See, e.g., Ross*, 578 U.S. at 643-44 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief").

## III.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Russo will be provided one final opportunity to show cause within **twenty-eight (28) days**, why his federal claims should not be dismissed without prejudice for failure to exhaust. **Failure to reply will result in dismissal without prejudice of Russo's complaint.**

2.    It is Russo's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11, a self-represented party proceeding whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address.  *See* L.R. 3-11(b).

3.    Russo's request to proceed IFP will be granted in a separate written Order.  All other remaining pending motions, *see* dkts. 4, 8, 11, are **TERMINATED** as premature and without prejudice to refiling after Russo provides proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement.

**IT IS SO ORDERED.**

Dated:  6/18/2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

4